THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARK L. SHELDON, Respondent, *v.* WALTER FRASER and Others, Assessors of the Town of Salem in the County of Washington, Appellants.

*Assessment for taxation — review by certiorari — inequality in the assessment of bank stock — assessment stricken from the roll when not legally amendable.*

An assessment for taxation which undertakes to rate bank stock held by one person higher than the same stock held by his neighbors is illegal.

On a proceeding by certiorari to review a tax assessment, under chapter 269 of the Laws of 1880, which empowers the court to strike an assessment from the roll, or to correct it, the court will strike out the assessment, and not order it to be corrected, where, in order to rectify their original mistake, the assessors would be required to do an illegal act.

On a proceeding by certiorari to review an assessment by which the relator's stock in a National bank was rated higher than the same stock held by others, it appeared that in order to make the relator's assessment conform to that of the other taxpayers the assessors would have to rate the relator's stock below par instead of at its full value, as required by law.

*Held,* that the court could not require the assessors to make such an unlawful correction, but must strike the relator's assessment from the roll as illegal.

APPEAL by Walter Fraser and others, assessors of the town of Salem in the county of Washington, from a judgment of the Supreme Court, rendered at Special Term and entered in the office of the clerk of Washington county on the 26th day of December, 1892, striking from the assessment roll of the town of Salem an assessment made by the assessors against the relator's personal property.

*F. Fraser* and *L. Fraser*, for the appellants.

*James Gibson*, for the respondent.

MAYHAM, P. J.:

The judgment or order in this case should be affirmed on opinion of the court at Special Term.

Judgment affirmed, with costs of this appeal, in favor of the respondent against the town of Salem.

PUTNAM and HERRICK, JJ., concurred.

Order affirmed, with costs against town.

The opinion rendered at Special Term is as follows:

STOVER, J.:

This is a proceeding by certiorari, under chapter 269 of the Laws of 1880.

The relator was the owner of shares of the capital stock of a National bank, doing business in the town of Salem. The testimony shows that the assessors assessed the property of the town at sixty per cent of its actual value. In making the assessment upon the National bank, of which the relator is a stockholder, the stock was assessed at sixty per cent of its par value. After the roll had been made, and on the day on which grievances were to be heard, the relator appeared and objected to his assessment, and claimed a reduction on account of indebtedness. His evidence was taken, and the proof shows that the assessors, while conceding that he was indebted to the amount which he testified, and which amount was greater than the amount of his assessment, determined that they had not assessed his bank stock upon a proper basis, but that they should have assessed it at fifty per cent above par, instead of par, and, therefore, refused to reduce the assessment. As to the other stockholders of the bank, the assessment was left at sixty per cent of the par value. It will thus be seen that the relator's stock is assessed at least fifty per cent higher than the stock of other shareholders in the same bank. It is conceded on this motion that the assessors thought they had a right to assess at sixty per cent below the actual value, until they came to pass upon the objections of the relator, and, at that time, they discovered that the law required them to assess at full value, and they thereupon determined that the full value of the relator's bank stock was fifty per cent above its par value, and, therefore, making a deduction for his indebtedness from this increased amount, would leave the assessment at about the amount originally assessed, which was sixty per cent of the par value. I do not see how, under the well-known rules governing assessments, this assessment can be allowed to stand. The law requires of assessors an intelligent and fair exercise of the powers conferred upon them, and it does not permit them to assess arbitrarily, but requires that, when making their assessments, they shall adopt some basis which will, as nearly as possible, equalize the burdens of taxation. While no system of taxation will so operate as to exactly apportion the burden, yet the assessors must proceed in such a manner that, as

nearly as practicable, such result can be obtained. It cannot be said that an assessment which undertakes to rate the bank stock of one person fifty per cent higher than the same stock held by his neighbor, is either fair, just or legal.

The statute gives the court power to strike the assessment from the roll, or order a reassessment, or to correct the assessment, etc. I do not see how I can correct this assessment. It is clear that the assessment roll, as completed, is based upon an estimate of sixty per cent of the actual value of the property. In other words, the assessment is forty per cent below the actual value of the personal property of the town.

In order to make the assessment of the relator conform to that of the other taxpayers, I would have to direct the assessors to assess him at sixty per cent of the par value of his bank stock. In other words, I should have to direct the assessors to do an unlawful act, and the affidavit of the assessors would have to be that they had assessed at the full value. I do not think that the court has power to do this. I cannot compel the assessors to do an unlawful act to rectify their former mistakes.

The assessment must be stricken from the roll as illegal, with costs to the relator.